914 F.2d 257
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James and Rosemary PACENTE Plaintiffs-Appellants,
v.
PAN AMERICAN WORLD AIRWAYS, INC. Defendant-Appellee.
 89-1853.
 United States Court of Appeals, Sixth Circuit.
 Aug. 31, 1990.
 
 Before KEITH and KRUPANSKY, Circuit Judges, and JORDAN, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff-appellant, James Pacente (Pacente), has appealed the entry of summary judgment against him and his spouse, Rosemary Pacente,[1] in this diversity action against defendant-appellee, Pan American World Airways, Inc. (Pan Am). Pacente was employed by Pan Am as a Cargo Sales Manager for twenty-seven years. In July, 1984, several years after having been transferred from Chicago to Detroit, Pacente, who was fifty-six years of age at the time and whose employment record was not at issue, was dismissed from his employment. Pacente thereafter commenced this lawsuit, alleging that his discharge was in breach of an implied just cause employment contract, and that it was motivated by age discrimination, in violation of Michigan's Elliott-Larsen Civil Rights Act, M.C.L. Sec. 37.2101, et seq. In defense of these charges, Pan Am responded that Pacente's position as Cargo Sales Manager had been eliminated for economic reasons, that the company did not transfer Pacente to another position because no comparable work was available for him, and that Pacente was an at-will employee.
 
 
 2
 The District Court granted partial summary judgment on December 14, 1987, finding that there existed no genuine issue of material fact as to whether Pacente was an at-will employee, and that therefore he had not been fired in violation of an implied employment contract. On the same date, the court further concluded that Pacente's age had not been a factor in the decision to eliminate his position as Detroit Cargo Sales Manager. The court reasoned, however, that there remained a genuine issue of material fact as to whether Pan Am had refused to transfer Pacente into a comparable position because of his age, and denied summary judgment as to that aspect of Pacente's age discrimination claim. On July 5, 1989, following additional discovery, the district court, after deciding that there was no genuine issue of material fact, granted summary judgment in favor of Pan Am on the remaining claim of age discrimination. The district court concluded that age was not a determinative factor in Pan Am's failure to place Pacente in alternative employment following elimination of his position as Cargo Sales Manager.
 
 
 3
 After consideration of the record, the arguments of counsel, and of the applicable law, the court AFFIRMS the district court's orders of summary judgment for the reasons expressed in the district court's opinions of December 14, 1987, and July 5, 1989, and further finds that appellants' remaining assignments of error are without merit.
 
 
 
 *
 The Honorable Leon Jordan, United States District Judge for the Eastern District of Tennessee, sitting by designation
 
 
 [1]
 Rosemary Pacente joined as party-plaintiff, alleging loss of consortium derivative of her husband's age discrimination claim